IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Robert A. Campbell and Rebecca L. Campbell,<br><br>Debtors. | Chapter 7<br><br>Case No: 2:10-bk-26653-SSC<br><br>Adversary No: 2:10-ap-01659-SSC |
| PMM Investments, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Robert A. Campbell and Rebecca L. Campbell, husband and wife,<br><br>Defendants. | JUDGMENT |

Based upon this Court's Memorandum Decision dated March 31, 2013 and the Memorandum of Accounting filed on April 9, 2013, which are incorporated by reference:

The Court found the Debtors liable to the Plaintiff pursuant to Section 523(a)(4) as a result of the embezzlement by Mr. Campbell of funds invested by PMM Investments, LLC

1

("PMM"). The Court directed the Plaintiff to file an accounting of the debt due, taking into account any setoffs or payments already made on the underlying debt.

On April 9, 2013, the Plaintiff filed its Memorandum of Accounting setting forth the appropriate settoffs and payments already made on the underlying debt. The Defendants did not file any form of responsive pleading rebutting the accounting as set forth by the Plaintiff. The Plaintiff represents that the final amount due is $862,006.25 ($1,000,000 - $125,000.00 - $12,993.75). This final amount takes into account a credit of $12,993.75 in attorney's fees paid to Marvin Davis from August to December 2005. The final amount also includes a credit of $125,000, one-half of the $250,000 that LML paid to PMM in November 2006, as a partial return on the investment. The Plaintiff cites to Gemstar Ltd. v. Ernst & Young, 185 Ariz.493, 917 P.2d 222 (Ariz. 1996) for the proposition that a Court can refuse to reduce the plaintiff's damages by the amount of a non-party's settlement. The Court has reviewed the Gemstar case, and finds it both legally and factually inapplicable to the facts in this case. In Gemstar, the amount of the settlement was not subtracted from the damage award because the liability was several. 185 Ariz. At 508-509, 917 P.2d 237-38.

In this case, the outcome is more nuanced as a result of the prior judgment entered by the Honorable Redfield T. Baum against Mr. Campbell's co-manager Steven Kurth.[1] Although joint and several liability has essentially been abolished in Arizona, the plaintiff must proceed with appropriate evidence to apportion the liability at the time of trial. *See* Dawson v.

---

[1] On June 24, 2010, the Hon. Redfield T. Baum entered judgment in the amount of $1,050,000.00 against Kurth. See Case No. 2:09-ap-00961-RTBP; Docket Entry No. 48. At trial, Kurth conceded that a nondischargeability judgment had been entered against him in the amount of at least $750,000.

2

<u>Withycombe</u>, 216 Ariz. 84, 163 P.3d 1034 (Ariz. App. Div. 1 2007).[2] In this matter, the Plaintiff did not present any evidence to apportion liability. Moreover, and from this Court's standpoint a critical issue, the Plaintiff did not present any evidence to Judge Baum as to any apportionment of the liability, and Judge Baum entered the judgment against Mr. Kurth almost three years ago on June 24, 2010. Thus, it may be impossible for the Court to apportion liability as to Mr. Campbell at this time, since the liability was not apportioned as to Mr. Kurth almost three years ago. Therefore, from this Court's standpoint, Mr. Campbell should receive credit for the full payment of $250,000 from LML in November 2006. There is no evidence before this Court at this time to provide Mr. Campbell with only one-half credit for this payment. The liability of both Mr. Campbell and Mr. Kurth was $1,000,000 reduced by their payment of $250,000 or $750,000. Mr. Campbell shall also receive another reduction of $12,993.75 for the payment of attorneys' fees to Marvin Davis for an obligation due and owing to the Plaintiff, $737,006.25, plus attorneys' fees and costs that have accrued thereon.

If the Plaintiff wishes to apportion the liability owed by Mr. Campbell and Mr. Kurth, it will need a separate trial at which evidence must be submitted. The Plaintiff must also address the legal issue of whether apportionment may now be done, at any subsequent trial, in light of Judge Baum's judgment having been entered almost three years ago as to Mr. Kurth that did not consider the apportionment of liability amongst joint tortfeasors at that time.

---

[2] In Arizona, joint and several liability has essentially been abolished. A.R.S. §12-2506. The legislature has adopted a statutory scheme recognizing an action for contribution between joint tortfeasors and enacting the doctrine of comparative negligence. A.R.S. §12-2501 *et seq.*; *City of Tucson v. Superior Court In and For County of Pima*, 165 Ariz. 236, 240 (1990).

3

IT IS ORDERED that Plaintiff shall have judgment against the Defendants in the principal amount of $737,006.25, with accrued interest and attorneys' fees thereon, which shall be a nondischargeable debt pursuant to 11 U.S.C § 523(a)(4).

DATED this 14th day of May, 2013.

_____

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

4